United States District Court
Southern District of Texas

**ENTERED**
March 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PSHATOIA LAROSE, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-04843 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| JALEN HURTS and | § | |
| PHILADELPHIA EAGLES, | § | |
| LLC, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Pshatoia LaRose proceeds here *pro se*. She sues Defendants Jalen Hurts and Philadelphia Eagles, LLC. Dkt 1. She brings various claims for, among other things, unauthorized use of intellectual property, invasion of privacy, stalking and harassment, and "phone identity hacks." Id at 2. The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 5.

The Eagles and Hurts both moved to dismiss for failure to state a claim. Dkts 9 & 11. In conjunction with that, Judge Ho allowed Plaintiff time as requested to retain counsel, with further order to file an amended complaint. Hurts withdrew his pending motion, stating intention to assert *res judicata* against the amended complaint, but Plaintiff never thereafter filed one. See Dkt 19 at 4; see also Dkt 15 at 2 (minute entry noting withdrawal).

Pending is a Memorandum and Recommendation recommending that the motion by the Eagles be granted and that all claims against the Eagles be dismissed with prejudice. Dkt 19 at 6–10. It further recommends that the

claims against Hurts be dismissed with prejudice *sua sponte*. Id at 10–11. These recommendations relied upon argument that Plaintiff's claims are equally barred against both by *res judicata*. Id at 6–11.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed a motion to vacate the Memorandum and Recommendation, which is construed here to be objections to such. Dkt 20. On *de novo* review and determination, the objections clearly lack merit. Plaintiff nowhere addresses the argument that her claims are barred by *res judicata*. See id at 1–2. This means that she doesn't specifically object to the portion of the Memorandum and Recommendation supporting dismissal of her claims. See Dkt 19 at 6–11.

The objections by Plaintiff Pshatoia LaRose to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 20.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 19.

The motion by Defendant Philadelphia Eagles, LLC, to dismiss is GRANTED. Dkt 9.

All claims asserted by Plaintiff Pshatoia LaRose in this action are DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on March 13, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

3